UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

PETER DESAUTEL,                                    Case No. 19-CV-2836 (PJS/LIB)

                    Plaintiff,

v.                                                                            ORDER

EXPERIAN INFORMATION
SOLUTION, LLC; TRANS UNION, LLC;
and NATIONSTAR MORTGAGE, LLC,

                    Defendants.

_____

        Blake R. Bauer and Matthew Forsberg, FIELDS LAW FIRM, for plaintiff.

        Adam W. Wiers and Emma Julia Lanzon, JONES DAY; Gregory J. Myers,
        LOCKRIDGE GRINDAL NAUEN PLLP, for defendant Experian
        Information Solutions, Inc.

        In about May 2019, plaintiff Peter Desautel got a copy of his credit report from

defendant Experian Information Solutions, Inc. ("Experian").[1]  After reviewing the

report, Desautel complained to Experian of three alleged mistakes.  Experian failed to

correct the alleged errors.  Desautel then brought this lawsuit against Experian under

the Fair Credit Reporting Act ("FCRA").  Experian now moves for judgment on the

pleadings with respect to two of the three alleged mistakes.

_____

        [1]The complaint mistakenly identifies Experian as "Experian Information
Solution, LLC."

## I.  BACKGROUND

Desautel has two mortgages on his home: a primary mortgage held by Nationstar and a secondary mortgage held by Chase.  ECF No. 1 at ¶¶ 18-20, 22.  On July 14, 2017, Desautel attempted to refinance his primary mortgage.  *Id.* at ¶ 24.  Desautel was not successful.  *Id.* at ¶ 25.  Nearly two years later, Desautel sought a copy of his credit report from Experian.  *See id.* at ¶¶ 26, 39, 52.  After reviewing the report, Desautel brought three alleged mistakes to Experian's attention:

First, Desautel complained that Experian said nothing in the credit report about his primary mortgage with Nationstar.  ECF No. 1 at ¶¶ 52-53; *see also id.* at ¶¶ 26-28, 39-41.

Second, Desautel complained that Experian reported that his secondary mortgage with Chase was "closed."  Desautel said that Experian should have reported the Chase mortgage as "'open' and current on all payments."  ECF No. 1 at ¶¶ 52, 55; *see also id.* at ¶¶ 27, 40.

Third, Desautel complained that Experian reported a July 14, 2017 credit inquiry by Nationstar.  ECF No. 1 at ¶¶ 58-59.  Desautel did not contend that Nationstar had not made this inquiry; instead, Desautel argued that he "had been in bankruptcy and currently had a Nationstar mortgage" and therefore "a Nationstar credit inquiry

regarding refinancing a mortgage it was servicing was unnecessary, impermissible, and should not have appeared on [his] credit report." *Id.* at ¶ 58.

In response to Desautel's complaints, Experian did not amend the credit report to his satisfaction—i.e., it did not add the Nationstar primary mortgage; it did not change the status of the Chase secondary mortgage to "'open' and current on all payments"; and it did not delete the July 14, 2017 credit inquiry.

Desautel now brings suit against Experian under the FCRA arguing that (1) Experian did not follow reasonable procedures to ensure that the credit report that it produced was not inaccurate or misleading, and (2) Experian failed to conduct a reasonable reinvestigation after Desautel brought the alleged inaccuracies to its attention.  Experian moves for judgment on the pleadings to the extent that Desautel's claims are based on the omission of the Nationstar primary mortgage and the inclusion of the July 14, 2017 credit inquiry; Experian does not move for judgment on the pleadings with respect to the alleged error in reporting the status of the Chase secondary mortgage.

## II.  ANALYSIS

### A.  Legal Standard

In reviewing a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), a court applies the same standard used in reviewing a motion to dismiss for failure to

state a claim under Fed. R. Civ. P. 12(b)(6).  *Ashley Cty. v. Pfizer, Inc.*, 552 F.3d 659, 665

(8th Cir. 2009).  Under this standard, the court must accept as true all of the factual

allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.

*Id.*  Although the factual allegations in the complaint need not be detailed, they must be

sufficient "to raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

Ordinarily, if the parties present, and the court considers, matters outside of the

pleadings, the motion must be treated as a motion for summary judgment.  Fed. R. Civ.

P. 12(d).  But the court may consider materials that are necessarily embraced by the

complaint, as well as any exhibits attached to the complaint, without converting the

motion into one for summary judgment.  *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697-

98 n.4 (8th Cir. 2003).  In this case, the Court will consider the credit report that Experian

provided Desautel, which Desautel attached to his complaint.

## B.  FCRA

The FCRA seeks to ensure the "[a]ccuracy and fairness of credit reporting."  15

U.S.C. § 1681(a).  Toward that end, the FCRA mandates that consumer reporting

agencies ("CRAs") "follow reasonable procedures to assure maximum possible

accuracy" of the credit reports that they create.  15 U.S.C. § 1681e(b).  The FCRA also

provides that, if a consumer disputes "the completeness or accuracy of any item of

information contained in [his] file," the CRA must "conduct a reasonable

reinvestigation to determine whether the disputed information is inaccurate . . . ."  15

U.S.C. § 1681i(a)(1)(A).  A CRA that negligently fails to comply with the FCRA can be

held liable for actual damages, costs, and attorney's fees.  15 U.S.C. § 1681o.  A CRA that

willfully fails to comply with the FCRA can be held liable for actual damages (or

statutory damages of up to $1000), punitive damages, costs, and attorney's fees.  15

U.S.C. § 1681n.

Desautel alleges that Experian negligently or willfully violated § 1681e(b) by not

following reasonable procedures to assure maximum possible accuracy of his credit

report.  Desautel further alleges that Experian violated § 1681i(a)(1)(A) by not

reasonably investigating his complaints regarding the omission of the Nationstar

primary mortgage and the inclusion of the July 14, 2017 credit inquiry.  The Court will

address his claims in turn.

### 1.  Section 1681e(b)

Section 1681e(b) requires that a CRA, when preparing a credit report, "follow

reasonable procedures to assure maximum possible accuracy of the information

concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).  To

plead a viable claim under § 1681e(b), a plaintiff must plausibly allege that (1) his report

was inaccurate in some way and (2) the inaccuracy was due to the CRA's failure to

follow reasonable procedures.  *See, e.g., Dalton v. Capital Associated Indus., Inc.*, 257 F.3d

409, 415 (4th Cir. 2001); *Taylor v. Screening Reports, Inc.*, No. 13 C 02886, 2015 WL

4052824, at *3 (N.D. Ill. July 2, 2015).

All courts agree that a report is inaccurate if it includes a statement that is

inaccurate on its face—such as a statement that a consumer missed a loan payment that

the consumer in fact made.  Other courts go further and hold that a report is inaccurate

if it includes a statement that is literally true but materially misleading—that is,

misleading in a manner that can be expected to harm the consumer.  *See, e.g., Dalton*, 257

F.3d at 415 ("A report is inaccurate when it is 'patently incorrect' or when it is

'misleading in such a way and to such an extent that it can be expected to [have an]

adverse[]' effect." (quoting *Sepulvado v. CSC Credit Servs.*, 158 F.3d 890, 895 (5th Cir.

1998))); *see also Koropoulos v. Credit Bureau, Inc.*, 734 F.2d 37, 39-42 (D.C. Cir. 1984)

(finding that a report is inaccurate when it is "factually correct but nonetheless

misleading or materially incomplete").  For example, one court found that a credit

report that stated only that a car was "repossessed" could be deemed materially

misleading when the car was repossessed not because the plaintiff missed payments,

but because police seized the car after the plaintiff's son was arrested on a drug offense.

*Krajewski v. Am. Honda Fin. Corp.*, 557 F. Supp. 2d 596, 601-02 & n.5, 614-15 (E.D. Pa.

2008).  Another court hypothesized that a credit report that stated "that a person was

'involved' in a credit card scam," but failed to mention "that he was in fact one of the

victims of the scam," could be materially misleading. *Alexander v. Moore & Assocs., Inc.*,

553 F. Supp. 948, 952 (D. Haw. 1982).

The Eighth Circuit has not decided whether a credit report is inaccurate if it

contains a statement that is literally true but materially misleading. *See Taylor v. Tenant*

*Tracker, Inc.*, 710 F.3d 824, 827-28 n.2 (8th Cir. 2013). For purposes of ruling on

Experian's motion, this Court will assume that "the better reading of the Act requires

that credit reports be both accurate and not misleading." *Pedro v. Equifax, Inc.*, 868 F.3d

1275, 1281 (11th Cir. 2017). Even under this broader standard, however, Desautel's

claims fail because he does not point to anything in his credit report that is either

facially inaccurate or materially misleading.

As a general matter, a CRA has no obligation to include a tradeline on a credit

report. Put differently, a credit report is not "inaccurate" or "materially misleading"

simply because it does not mention a particular tradeline. *See, e.g., Hammer v. Equifax*

*Info. Servs., LLC*, Civil Action No. 3:18-CV-1502-C, 2019 WL 7602463, at *2-3 (N.D. Tex.

Jan. 16, 2019) (explaining that CRAs do not have an affirmative duty to report all

tradelines); *Peterson v. Equifax Info. Servs., LLC*, CIVIL ACTION NO. 1:16-CV-3528-

WMR-LTW, 2018 WL 7348859, at *8-9 (N.D. Ga. Dec. 27, 2018) (same); *Davis v. Equifax*

*Info. Servs., LLC.*, 346 F. Supp. 2d 1164, 1171-72, n.10, n.11 (N.D. Ala. 2004) (same).

Desautel argues, however, that the combination of (1) omitting the Nationstar primary mortgage while (2) reporting the Chase secondary mortgage and the July 14, 2017 credit inquiry from Nationstar makes his credit report materially misleading.  As Desautel explains:

> [The credit report] establish[es] that Plaintiff has a credit relationship to Nationstar, in the form of a credit inquiry, as well as establishing Plaintiff has a secondary mortgage.  This is materially misleading, as Plaintiff also has a [primary] mortgage with Nationstar and the extent of the credit relationship is much deeper.

ECF No. 44 at 11-12 (citations omitted).  In other words, Desautel argues that, when Experian did not report the Nationstar primary mortgage—and did report the Chase secondary mortgage—it was asserting that "there is not a Nationstar mortgage."  *Id.* at 12.  Desautel further argues that, when Experian reported the July 14, 2017 credit inquiry from Nationstar, it was asserting that the credit inquiry represented Desautel's "full relationship" with Nationstar.  *Id.*  Thus, according to Desautel, his credit report "mislead[s] potential lenders into thinking Plaintiff not only lacked a primary mortgage but had a limited credit relationship to Nationstar specifically."  *Id.* at 9.

The premise of Desautel's argument is that, when a CRA issues a credit report, the CRA is representing that anything that does not appear on the credit report *does not exist*.  Desautel's premise is obviously flawed.  For example, a credit report that does not mention an automobile loan is not representing that the consumer does not *have* an

automobile loan. And a credit report that states that a particular bank made a credit inquiry on a particular date is not representing that the consumer has never had any contact with that bank, save for the contact that led to the inquiry. Instead, the credit report is representing that the CRA is not *aware* that the consumer has an automobile loan and that the CRA is not *aware* of any other contact between the bank and the consumer. That is why courts have consistently held that omitting a tradeline from a credit report does not render the credit report inaccurate. Silence about a matter is just that: silence. It is not a representation of any kind.[2]

The inclusion of information about the Chase secondary mortgage in Desautel's credit report also did not make the credit report inaccurate. That information would likely lead a potential lender to assume one of two things: (1) that Desautel had a primary mortgage, but that mortgage had not been reported to Experian; or (2) that Desautel had paid off his primary mortgage. The former assumption would be correct; as explained below, Desautel himself alleges that Nationstar never notified Experian about the primary mortgage. The latter assumption would be misleading, but not *materially* so. It would not harm Desautel if a potential lender mistakenly assumed that

---

[2]Desautel also seems to argue that Experian's assertion that Nationstar made a credit inquiry on July 14, 2017 was inaccurate because *Nationstar* acted "without a permissible purpose" in *making* the credit inquiry. ECF No. 44 at 2. This is a non sequitur. A CRA does not violate the FCRA by accurately reporting that a party made a credit inquiry about the consumer. Such a report implies nothing about whether the party had a "permissible purpose" for its inquiry.

he had paid off a mortgage when he had not, or that he did not have a large debt when he did.

In short, Desautel has not plausibly pleaded a violation of § 1681e(b) because he has not plausibly pleaded that the omission of the Nationstar primary mortgage or the inclusion of the July 14, 2017 credit inquiry made his credit report "'patently incorrect' or . . . 'misleading in such a way and to such an extent that it can be expected to [have an] adverse[]' effect." *Dalton*, 257 F.3d at 415 (quoting *Sepulvado*, 158 F.3d at 895).

## 2.  Section 1681i(a)(1)(A)

Section 1681i(a)(1)(A) of the FCRA provides that, if a consumer disputes "the completeness or accuracy of any item of information contained in [his] file" with the CRA, then "the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate . . . ."  Courts have repeatedly held that, to recover from a CRA under § 1681i(a)(1)(A), the consumer must (1) point to an item of information contained in the CRA's file and (2) prove that the item of information is inaccurate.  *See, e.g.*, *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 67 (1st Cir. 2008); *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1160 (11th Cir. 1991). After all, "[t]he FCRA is intended to protect consumers against the compilation and dissemination of *inaccurate* credit information," so if a reasonable reinvestigation would not have disclosed the inaccuracy of an item of information contained in the CRA's file,

then § 1681i(a)(1)(A) has not been violated. *DeAndrade*, 523 F.3d at 67 (citations omitted).

Desautel bases his § 1681i(a)(1)(A) claim, like his § 1681e(b) claim, on the inclusion of the July 14, 2017 credit inquiry and the omission of the Nationstar primary mortgage. He says that, after reading his credit report, he realized that Experian's file did not contain information about his primary mortgage with Nationstar, but instead contained only information about Nationstar's credit inquiry on July 14, 2017. According to Desautel, "[w]hen [he] realized that [his] file[] failed to reflect his full relationship [with Nationstar], he disputed the completeness of his file and provided all documentation necessary for [Experian] to understand the nature of the relationship." ECF No. 44 at 12.

Again, the premise of Desautel's argument is flawed. A CRA's duty to reinvestigate under § 1681i(a)(1)(A) is not—as Desautel argues—triggered by a consumer's complaint that "his *file*" is not complete or accurate. Instead, it is triggered by a consumer's complaint that "any *item of information* contained in [his] file" is not complete or accurate. 15 U.S.C. § 1681i(a)(1)(A).

The fact that Nationstar made a credit inquiry on July 14, 2017 is an item of information contained in Experian's file.  But, as explained above, that item of information is neither inaccurate nor misleading.[3]

Desautel's complaint that his file is not complete because it does not contain information about the Nationstar primary mortgage is not cognizable under § 1681i(a)(1)(A).  Desautel does not allege that Experian was ever told about his primary mortgage with Nationstar.  To the contrary, Desautel has sued Nationstar for *failing* to notify Experian and the other major CRAs of the existence of the primary mortgage. ECF No. 1 at ¶¶ 63, 117.

Section 1681i(a)(1)(A) requires a CRA to conduct a reasonable reinvestigation only when a consumer disputes "the completeness or accuracy of any item of information *contained in a consumer's file* at a consumer reporting agency."  A CRA has no duty to reinvestigate the completeness or accuracy of information that is *not*

---

[3]Desautel again complains that Nationstar acted "without a permissible purpose" in making the credit inquiry.  ECF No. 44 at 2.  But Desautel points to no authority suggesting that a CRA has an obligation not only to confirm that a reported credit inquiry was *made*, but also to confirm that the reported credit inquiry was *lawful*.  CRAs are not legal tribunals, and nothing in the FCRA requires them to adjudicate the lawfulness of credit inquiries that they have accurately reported.  *Cf. Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891 (9th Cir. 2010) (explaining that CRAs "simply collect and report information furnished by others," and they "are not tribunals . . . equipped to adjudicate contract disputes" regarding "the legal validity" of debts; accordingly, "courts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims").

contained in its file. Experian cannot be held liable for failing to conduct "a reasonable reinvestigation" into whether information that it had never collected was accurate. For these reasons, Desautel's § 1681i(a)(1)(A) claim fails.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.   Defendant's motion [ECF Nos. 30, 37] is GRANTED.

2.   Desautel's first claim for relief against Experian, alleging a violation of 15 U.S.C. § 1681e(b), is DISMISSED WITH PREJUDICE to the extent that it relies on the reporting of the July 14, 2017 credit inquiry or the non-reporting of his primary mortgage with Nationstar.

3.   Desautel's second claim for relief against Experian, alleging a violation of 15 U.S.C. § 1681i, is DISMISSED WITH PREJUDICE to the extent that it relies on the reporting of the July 14, 2017 credit inquiry or the non-reporting of his primary mortgage with Nationstar.

Dated: May 7, 2020                              s/Patrick J. Schiltz
                                                Patrick J. Schiltz
                                                United States District Judge